IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARON LAMAR BRIGNAC,

    Plaintiff,                   No. CIV S-07-0624 GEB DAD P

    vs.

T. KIMZEY, et al.,

    Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), and California Penal Code. Plaintiff has also filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $4.17 will be assessed by this order. <u>See</u> 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

1

agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, ___ U.S. ___,    , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff presents nine claims which can be grouped as follows: (1) plaintiff's request that state funds be used to pay for his correspondence course was denied in violation of the ADA, RA, and the Equal Protection Clause; (2) plaintiff was subjected to "assault" and excessive force when officers entered his cell to conduct a cell search armed with pepper spray and guns with rubber bullets; (3) plaintiff was subjected to cruel and unusual punishment when he was kept in handcuffs for four hours; (4) plaintiff's Fourteenth Amendment right to "privileges and immunity" was violated when his legal papers were inspected outside his presence; and (5) plaintiff's First and Fourteenth Amendment rights were violated when his inmate grievances were rejected and not processed. For the reasons indicated below, plaintiff's complaint is defective and will therefore be dismissed. Plaintiff, however, will be granted leave to file an amended complaint to attempt to cure the defects.

II. Correspondence Course

Plaintiff alleges that he has a high school diploma and wishes to take a correspondence class for paralegal training with the Blackstone Career Institute. Defendant Kimzey had told plaintiff that he cannot earn time credits for participation in correspondence classes. On appeal, plaintiff has been told that correspondence school does not satisfy the criteria standards for vocational education programs. Plaintiff contends that non-mentally disabled inmates are enrolled as college correspondent students and that state funds are used to pay for their classes.

/////

In order to state a claim under the ADA and RA, plaintiff must allege facts demonstrating that: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of his disability. Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). In his amended complaint, plaintiff should provide additional allegations addressing his psychological impairment and clarify whether his condition is chronic or of short duration. Plaintiff should also set out additional factual allegations in support of his claim that non-disabled inmates are able to take correspondence classes at state expense. For instance, plaintiff may support his claim by listing courses and educational institutions from which non-disabled prisoners allegedly have taken classes paid for by the state. Plaintiff is also informed that in his amended complaint, he must name a proper defendant. Individuals cannot be sued directly under the ADA or RA. See Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); see also Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) (agreeing with the reasoning of the Fifth, Eighth, and Eleventh Circuits and concluding that plaintiff may not bring an ADA or RA action against a State official in his or her individual capacity).

Plaintiff is also advised that the Fourteenth Amendment's Equal Protection Clause which ensures that similarly situated persons are treated alike, applies to prisoners. Turner v. Safley, 482 U.S. 78, 84 (1987); Plyler v. Doe, 457 U.S. 202, 216 (1982). To prevail on an equal protection claim, a prisoner must show that he or she was treated in a disparate manner without a rational relationship to a legitimate state purpose. San Antonio School Dist. v. Rodriguez, 411 U.S. 1, 40 (1972); see also Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (rational basis test used for review policy that purposefully treats the disabled differently from the non-disabled). Conclusory allegations of discrimination are not sufficient. See Forsberg v. Pac. Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir. 1988). Therefore, plaintiff must

4

provide additional factual allegations demonstrating that he was treated differently than other similarly situated prisoners and that defendants' "acts or omissions were motivated by discriminatory animus toward the mentally disabled as a protected class." Lee, 250 F.3d at 687.

III.  Assault and Excessive Force Claims

Plaintiff contends that defendant Walker committed an assault in violation of California Penal Code § 240, when he entered plaintiff's cell equipped with pepper spray and armed with a gun loaded with rubber bullets. Penal Code § 240 defines assault as follows: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Plaintiff has failed to allege any facts in support of his state law claim of assault against defendant Walker.

As to plaintiff's Eighth Amendment excessive force claim, such a constitutional violation turns on whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillan, 503 U.S. 1, 7 (1992). Plaintiff has not alleged facts showing that he was subjected to cruel and unusual punishment or that defendant acted with the requisite subjective state of mind.

IV.  Restrained for Excessive Period of Time

Plaintiff contends that in violation of the Eighth Amendment, he was kept in handcuffs for four hours while his cell was being searched. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however." Whitley v. Albers, 475 U.S. 312, 319 (1986). It is "unnecessary and wanton infliction of pain" that constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Id. See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. Therefore, should plaintiff decide to pursue this claim, he must allege

/////

facts showing that the use of restraints was not in a good faith effort by the named defendants to maintain or restore discipline but was done for the very purpose of causing harm.

V. Inspection of Legal Property

Plaintiff's next claim is that his legal letters and orders from the courts and attorneys were inspected outside his presence. It is not clear whether plaintiff is alleging that his legal mail was read or merely inspected for contraband. Moreover, plaintiff must clarify in his amended complaint whether his claim involves outgoing or incoming mail, whether the mail in question is from his attorney, the general nature of the content of the mail in question, whether there is a prison policy concerning the treatment of such mail, the dates when his mail was allegedly mishandled and the names of defendants who were allegedly involved in the conduct complained about. In this regard, plaintiff is advised that a prison regulation that impinges on an inmate's constitutional rights must be reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987). However, mail from the court and from state and federal agencies is not legal mail, and prison officials may open such mail outside a prisoner's presence in order to inspect it for contraband. See Witherow v. Paff, 52 F.3d 264, 265-66 (9th Cir. 1995); Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir. 1988); see also Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (mail from the court is not legal mail), amended by 135 F.3d 1318 (9th Cir. 1998).

VI. Inmate Grievances

Plaintiff alleges that his grievances were "screened out" and not processed in violation of the First Amendment, and that the failure to process his grievances prevented him from exhausting his administrative remedies in violation of the Fourteenth Amendment. Plaintiff is advised that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). In order to allege a First Amendment violation of right of access to the courts, plaintiff must allege actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996);

6

Bounds v. Smith, 430 U.S. 817, 821 (1977); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994). "Actual injury" means a "specific instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

VII. Requirements for Amended Complaint

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not

7

1 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 10, 2007 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of $4.17.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff shall use the form complaint provided by the court; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

/////

/////

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: November 29, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
brig0624.14