IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JARON LAMAR BRIGNAC,

    Plaintiff,                No. CIV S-07-0624 GEB DAD P

    vs.

T. KIMZEY, et al.,                 ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's amended complaint and his motion for a permanent injunction. For the reasons set forth below, the court will recommend that the amended complaint be dismissed for failure to state a cognizable claim. In light of that recommendation, plaintiff's motion for a preliminary injunction will be denied.

I. Amended Complaint

        In his amended complaint, plaintiff alleges that the defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment by failing to approve plaintiff's enrollment in a paralegal course and failing to authorize the use of state funds to pay his tuition. Plaintiff names six defendants in this action. Three of those defendants (correctional counselor Kimzey, correctional counselor Mayfield, and associate warden Malfi) are members of the

classification committee at California State Prison-Sacramento (New Folsom). The other three defendants are educational supervisor Grady, Chief of the Inmate Appeals Branch of the California Department of Corrections and Rehabilitation (CDCR), N. Grannis and California Governor Arnold Schwarzenegger.

Plaintiff asserts that defendants Kimzey, Mayfield, and Malfi assigned him to the support services wait list at New Folsom which resulted in frequent work assignments to the kitchen to scrub pots and pans. (Am. Compl., Attach. at 5.) Plaintiff alleges that defendants Kimzey, Mayfield and Malfi are aware that he has a high school diploma and that he has asked to be enrolled in a college credit course. (Id.) Plaintiff alleges that if he were enrolled in college credit courses, the classification committee could deem that course work to be a full time assignment and classify plaintiff to group A1 privileges which would include family visitation, increased canteen usage, telephone access, special purchase of personal property, and better work assignments that do not involve physical labor. (Id. at 9.)

Plaintiff alleges that defendant Grady has not approved him for paralegal course studies with Blackstone Career Institute nor has Grady approved the payment of tuition required for that course with state funds. (Id. at 5-6.) Plaintiff claims that defendant Grady has authorized only one course from Coast Line Community College for New Folsom prisoners and for that course the tuition must be paid by the prisoner. (Id. at 6.) Plaintiff alleges that he is unable to take the Coast Line course unless state funds are used to pay his tuition. (Id.) Plaintiff asserts that he has named defendants Grannis and Schwarzenegger in this action because he filed a grievance and those defendants failed to compel employees of CDCR to utilize state funds to pay plaintiff's tuition for the courses. (Id. at 7.)

Plaintiff claims a violation of the Equal Protection Clause of the Fourteenth Amendment's based on defendants' failure to authorize his enrollment in college courses and failure to approve payment of the required tuition with state funds. (Id. at 10.) Plaintiff argues
/////

that he is being treated differently in this regard than other prisoners within CDCR who are taking college credit courses that are paid by the state. (Id.)

Plaintiff seeks compensatory and punitive damages from all defendants with the exception of defendant Schwarzenegger, declaratory judgment, and injunctive relief including an order requiring that he be transferred to a facility where inmates are able to enroll in college credit courses paid for with state funds, that his outstanding tuition to Blackstone Career Institute be paid with state funds, that he be reimbursed for past tuition payments, that he be authorized to enroll in a college credit course with his tuition paid with state funds, that he be reclassified to group A1 privileges, and that defendants be prohibited from assigning him to prison jobs requiring that he perform physical labor duties. (Id. at 11-12.)

A. Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65(2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Equal Protection Clause Standards

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). See also Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). An equal protection claim may be established in two ways. First, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee, 250 F.3d at 686. Second, if the action does not involved a suspect classification, a plaintiff may establish an equal protection violation by showing that similarly situated individuals were intentionally treated differently without a rational basis for the disparate treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claim by plaintiff-homeowner who was required to provide 33-foot easement when other Village property owners were required to provide 15-foot easement).

/////

/////

C. Discussion

Plaintiff contends that he is treated differently than other CDCR state prisoners who have "high school diplomas, GEDs, and 10.0 grade level[,]" and who are able to take college credit courses with their tuition paid with state funds. (Am. Compl. Attach. at 10.) Plaintiff's description of "similarly situated" prisoners is overly broad. Plaintiff argues that he should be allowed to take a course from Blackstone Career Institute and that state funds should be used to pay the tuition associated with that course. However, the issue is whether defendants have approved college credit courses for other prisoners at New Folsom and used state funds to pay for those classes. Plaintiff has not alleged any facts showing that he has been treated differently from other New Folsom prisoners. On the contrary, in his amended complaint plaintiff alleges that defendant Grady has approved only one course at Coast Line Community College for New Folsom prisoners and that they must use their own funds to pay the tuition for that course. Rather than demonstrating that he has been treated differently, such allegations make it appear that plaintiff is seeking preferential treatment.

The Equal Protection Clause does protect persons who are not similarly situated. Plaintiff cannot base his equal protection claim on the fact that different state prisons may offer different educational programs. Prisoners do not have a constitutional right to various educational or vocational programs. Hoptowit v. Ray, 682 F.2d 1237, 1255 (9th Cir. 1982) Moreover, prisoners incarcerated at different state prisons are not "similarly situated." The court is aware that state prisons vary based on security level, inmate population and other factors. The educational programming available at New Folsom may well be different than what is available at other state prisons without violating the Equal Protection Clause. Ross v. Moffitt, 417 U.S. 600, 612 (1974) (The Fourteenth Amendment 'does not require absolute equality or precisely equal advantages,' [citation omitted] nor does it require the State to 'equalize economic conditions.'"); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (affirming grant of summary judgment in favor of defendants because any difference in treatment afforded to prisoner in light

of his jailhouse lawyering activity did not rise to the level of a due process violation); More v. Farrier, 984 F.2d 269, 272 (8th Cir. 1993) (holding that where a case "does not rise to the level of invidious discrimination proscribed by the Equal Protection Clause . . . . the federal courts should defer to the judgment of the prison officials."); Giba v. Cook, 232 F. Supp.2d 1171, 1192 (D. Or. 2002) (guard's disciplining of a prisoner did not violate the prisoner's equal protection rights even if the same activity would have been overlooked if done by a different prisoner).

II. Request for Permanent Injunction

In requesting a permanent injunction, plaintiff relies on the same statement of facts as is set forth in his amended complaint. In requesting injunctive relief, plaintiff seeks an order requiring "[t]hat Plaintiff be afforded the relief requested within his amended complaint at page 11, under 'Injunctive Relief'." (Req. for Perm. Injunction, at 10.)

In light of the court's finding that plaintiff has failed to state a cognizable equal protection claim and the recommendation that this action be dismissed with prejudice, the court will deny plaintiff's motion for a permanent injunction.

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's April 11, 2008 motion for permanent injunction (Doc. No. 12) is denied.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice due to plaintiff's failure to state a claim. See 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

/////

/////

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 3, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
brig0624.56